IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL  DIVISION

| | | |
|---|---|---|
| TERRY HARRINGTON, | * | |
| | * | |
| | * | 4:03-cv-90616 |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MATTHEW D. WILBER and | * | |
| POTTAWATTAMIE COUNTY, IOWA, | * | MEMORANDUM OPINION |
| | * | AND ORDER |
| Defendants. | * | |
| | * | |

Before the Court is Defendants' Objections to Magistrate's Order on Plaintiff's Motion for Jury

Trial (Clerk's No. 42).  The Court treats the document as an appeal of United States Magistrate Judge

Thomas Shields' Order dated March 22, 2005 (Clerk's No. 37), wherein Plaintiff's belated request for

a jury trial was granted.  Plaintiff filed a resistance to the appeal and Defendants replied.  The matter is

fully submitted.

## I.  PROCEDURAL BACKGROUND

On March 9, 2005, Plaintiff filed a motion for jury trial, pursuant to Federal Rule of Civil

Procedure 39(b).  Prior to that date, Plaintiff had at no time made a jury demand since the case was

filed on November 13, 2003.  At the time that the case was originally filed, attorney Thomas P.

Frerichs was sole counsel for Plaintiff and, according to the motion for jury trial, "was not fully aware of

the complete nature and scope of this case."  Pl.'s Demand for Jury Trial, Clerk's No. 33 at 1.   On

August 23, 2004, the Spence Law Firm of Jackson, Wyoming, entered an appearance as lead counsel

in the case.[1]   Upon review of the case file, the Spence firm discovered that no jury demand was on file,

despite its belief that "a jury trial was of extreme importance . . . in proceeding with the case because . .

. the only way that Plaintiff will receive a full measure of justice is for a jury to hear the case." *Id*.  The

Spence firm attempted to resolve the issue with Defendants, but to no avail.

In ruling on Plaintiff's motion for a jury trial, Magistrate Judge Shields noted that Defendants'

Motion for Summary Judgment had been considered and denied by this Court; that discovery in the

case is still open until December 10, 2005; further dispositive motions may be filed until January 15,

2006; the issues raised in Plaintiff's case are best tried to a jury; and the court's schedule would be in

no way disrupted by granting a jury trial.  Judge Shields further stated that, despite the seemingly

inexplicable delay in Plaintiff's jury demand, he could not "say that any prejudice will accrue to

defendants by having a jury determine the facts in this case, rather than Judge Pratt."  Order, Clerk's

No. 37 at 3.

Defendants quickly filed the present appeal, objecting specifically to Judge Shields' finding that

Defendants would not be prejudiced by the late revival of Plaintiff's right to a jury trial.  Specifically,

Defendants argue that they "purposely assented to venue in the Central Division of the Southern District

of Iowa with the understanding that it would be a bench trial."  Defs.' Objections, Clerk's No. 42 at 2.

Defendants urge that if Plaintiff is permitted a jury trial at this time, Defendants will be prejudiced in not

timely moving to change venue to the proper location, the Western Division, and as a result, by being

forced to litigate the matter in the wrong venue.  Further, Defendants argue that they will be prejudiced

---

[1] Attorney Frerichs remains on the case as local counsel.

by the increased time required for a jury trial.  "This is particularly so," according to Defendants,

"because all of Defendants' witnesses and the Defendants themselves are physically situated in the

Western Division.  Accordingly, Defendants request that the Court find as a matter of law that

Defendants would be prejudiced by reviving Plaintiff's right to jury trial, set aside the Magistrate's

March 22, 2005 Order and deny Plaintiff's request for a jury trial, or, in the alternative, change venue

to the Western Division of the Southern District of Iowa.

## II.  STANDARD OF REVIEW

There are two standards for a district court's review of the order of a magistrate judge.  A

non-dispositive order may only be reversed if it is "clearly erroneous or contrary to law."  28 U.S.C. §

636(b)(1)(a); Fed. R. Civ. P. 72(a).  Conversely, if the order concerns a dispositive motion, the

district court must review the magistrate judge's decision de novo and "may accept, reject, or modify

the recommended decision, receive further evidence, or recommit the matter to the magistrate judge

with instructions." Fed. R. Civ. P. 72(a).  Because the present matter deals with a nondispositive

matter, the Magistrate Judge's order is subject to a "clearly erroneous or contrary to law" standard of

review.

## III.  LAW AND ANALYSIS

### A. *Defendants' Objection to Magistrate's Order*

The right to a trial by jury in civil suits is preserved by the Seventh Amendment to the United

States Constitution where the amount in controversy exceeds twenty dollars.  The right to a trial by jury

in a civil case, however, is not absolute; the right may be waived if the jury demand is not made in a

timely fashion. *Indiana Lumbermans Mut. Ins. Co. v. Timberland Pallet & Lumber Co.*, 195 F.3d 368, 374 (8th Cir. 1999) (citing *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995) (per curiam)). Rule 38 of the Federal Rules of Civil Procedure preserves the Seventh Amendment right to a civil jury and sets forth the procedural requirements for demanding a jury trial. Under Rule 38(b), "[a]ny party may demand a trial by jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d)." A failing on the part of a party to serve and file the demand within the ten-day time limit constitutes a waiver of the right to a trial by jury. Fed. R. Civ. P. 38(d).

Despite the provisions of Rule 38, Federal Rule of Civil Procedure 39(b) provides: "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Fed. R. Civ. P. 39(b). The Eighth Circuit has not articulated a legal standard under Rule 39(b), but the appellate court has noted that courts "ought to approach each application under Rule 39(b) with an open mind." *Littlefield v. Fort Dodge Messenger*, 614 F.2d 581, 585 (8th Cir. 1980) (quoting 9C, Wright & A. Miller, *Federal Practice and Procedure* § 2334, at 116 (1971)). The Circuit Court also instructs that "jury trials ought to be liberally granted when no prejudice results." *Id.*

While the Eighth Circuit Court of Appeals has not established a particular standard to be applied to Rule 39(b), courts have generally adopted the five-factor totality of the circumstances test used by the Fifth and the Eleventh Circuit Court of Appeals, and articulated in *Credit Bureau of*

*Council Bluffs v. Credit Bureau of Data Centers, Inc.*, 143 F.R.D. 206, 212 (S.D. Iowa 1992)

(citing *Daniel Int'l v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990); *Parrott v.*

*Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983)).  Under this analysis, the five factors for the Court to

consider are:

(1)     whether the case involves issues which are best tried to a jury;
(2)     whether granting the motion would result in a disruption of the Court's
        schedule or that of an adverse party;
(3)     the degree of prejudice to the adverse party;
(4)     the length of the delay in having requested a jury trial; and
(5)     the reason for the movant's tardiness in requesting a jury trial.

*Id.*

Defendants only quarrel with the Magistrate's application of the five factors is with the third,

"degree of prejudice to the adverse party."  According to Defendants, the Magistrate Judge wrongly

concluded that Defendants would not be prejudiced by trial by jury and that the actual prejudice

suffered by Defendants weighs in favor of denying Plaintiff's Rule 39(b) motion.  The Court declines to

consider Defendants' argument that they will be prejudiced by litigation in an improper venue because,

in Defendants original resistance to Plaintiff's Rule 39(b) motion, Defendants never mentioned that they

would suffer prejudice by being forced to litigate in the Central Division of the Southern District of

Iowa.  Rather, Defendants argued that the motion should be denied because: 1) the reason for

Plaintiff's request was weak; 2) "Plaintiff's change in trial strategy does not supersede the prejudice to

Defendant in now litigating a jury trial to vindicate plaintiff in front of the 'largest possible audience'";

and 3) there was substantial delay in Plaintiff's request.   Defs.' Br. Resisting Pl.'s Mot. for Jury Trial,

Clerk's No. 36 at 1-2. Defendants never identified the nature of the prejudice they would allegedly

-5-

suffer as a result of Plaintiff being granted a jury trial.  Numerous district courts have held:  "Review of a Magistrate's ruling before the District Court does not permit consideration of issues not raised before the Magistrate" because the "magistrate's decision should not be disturbed on the basis of arguments not presented to him."  *Jesselson v. Outlet Assoc. of Williamsburg, Ltd. P'Ship*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991); *see also Paterson-Leitch Co., Inc., v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988) (holding "categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate" and stating that "[s]ystematic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round"); *Marshall v. Chater*, 75 F.3d 1421, 1427-28 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived."); *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir.1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrate Act . . . ."); *Anna Ready Mix, Inc. v. N.E. Pierson Const. Co.*, 747 F. Supp. 1299, 1303 (S.D. Ill. 1990) (holding that absent compelling reasons, argument raised for the first time in objections to a magistrate's order ought to be disregarded); *Singh v. Superintending School Committee*, 593 F. Supp. 1315, 1318 (D. Me. 1984) ("The [Federal Magistrate's] Act necessarily contemplates that on referral of a pretrial motion to the Magistrate for his hearing and determination thereon, all parties are required to take before him, not only their 'best shot' but all of their shots.").

Moreover, even considering the prejudice alleged by Defendants, the Court would still find that the Magistrate Judge's ruling was not clearly erroneous or contrary to law.  There is no dispute that Plaintiff's case is of the type best tried to a jury, or that granting Plaintiff a jury trial will in no way disrupt the Court's schedule.  With regard to the length of the delay in requesting a jury trial and the reason therefore, the Court agrees that oversight and neglect are poor excuses for failing to comply with the procedural requirements in demanding a right as fundamental as the right to a trial by jury.  Indeed, the Magistrate Judge would have been well within his discretion to deny Plaintiff's request for such a mistake.  *See Scharnhorst v. Independent School Dist.*, 686 F.2d 637, 641 (8th Cir. 1982). Nonetheless, if the Court grants Defendants' request to deny Plaintiff a jury trial, the Court also denies the Seventh Amendment right of the Plaintiff to have his case heard by a jury.  Weighing all five factors, the Court must conclude that Plaintiff's right to trial by jury, though negligently delayed in its assertion, supersedes any alleged prejudice that may be suffered by Defendants.  Specifically, the Court notes that Defendants' arguments regarding prejudice by litigation in an improper venue are equally as weak as Plaintiff's alleged reasons for delay.  Defendants specifically approved of trial in an allegedly improper venue when they believed it would be a bench trial.  Thus, the fact that witnesses, parties, and evidence are located in the Western, rather than the Central Division, is of little or no import, as Defendants were more than willing to bring such things to the Central Division when they believed a bench trial would occur.  Additionally, given the manner in which this Court conducts trials, trial by jury is unlikely to add more than one day to the overall length of trial, a relatively insubstantial amount of time when weighed against an alternative denial of a constitutional right.  Accordingly, the Court concludes

that there exist no "strong and compelling" reasons to deny Plaintiff's request for a jury trial.

Defendants' Objection to Magistrate's Order is overruled.

### B.  *Defendants' Alternative Motion for Venue Transfer*

Defendants next argue that, should this Court decline to deny a jury trial for Plaintiff, it should

transfer venue to the Western Division because venue is improper in the Central Division.  28 U.S.C. §

1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except
> as otherwise provided by law, be brought only in (1) a judicial *district* where any
> defendant resides, if all defendants reside in the same State, (2) a judicial *district* in
> which a substantial part of the events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is situated or (3) a judicial
> *district* in which any defendant is subject to personal jurisdiction at the time the action
> is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (emphasis added).  As noted by other courts, the venue statute does not speak in

terms of *divisions*, but rather requires that venue be laid in the proper *district*.  *See e.g.*, *Crumrine v.*

*Neg Micon USA, Inc.*, 104 F. Supp. 2d 1123, 1126 (N.D. Iowa 2000) (finding that venue proper in

any division of a proper district); *Says v. M/V David C. Devall*, 161 F. Supp. 2d 752, 753 (S.D. Tex.

2001) (finding that the venue statute "speaks in terms of districts not divisions . . . .  Thus, if venue is

proper in the Houston Division of the Southern District of Texas it is ipso facto proper in the Galveston

Division . . . ."); *I & M Rail Link v. Northstar Navigation*, 21 F. Supp. 2d 849, 858 (N.D. Ill. 1998)

("Because the Northern District of Illinois has no local rule requiring divisional venue [plaintiff] could

have filed suit in either division.").  There is no dispute that the Southern District of Iowa is the proper

judicial district for this action.  Indeed, because the allegedly defamatory comments made in the case

were published by the Des Moines Register, located in the Central Division, the Court cannot say that divisional venue in the Central Division would be wholly improper under § 1391(a)(2).

Admittedly, 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  At least one court, however, has indicated that "references to venue laid in the 'wrong division' in § 1406(a) could perhaps be read as 'vestigial' language addressed to failure to satisfy the now-defunct 'divisional venue' statute, or as language addressed to the possibility that certain multi-division federal districts will have 'divisional venue' rules." *Crumrine*, 104 F. Supp. 2d at 1126 (referencing the now repealed "divisional venue" statute at 28 U.S.C. § 1393 (repealed effective February 17, 1989 by Public Law 100-702) and noting that the Local Rules of Iowa federal courts have no divisional venue requirements).

Even if the reference in § 1406(a) to venue laid in the "wrong division" applies to the present matter, § 1406(b) provides: "Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."  While there is no statutory deadline for objecting to venue, the Court believes that Defendants voluntarily consented to venue in the Central Division on the belief that so doing would lead to a more favorable outcome were a bench trial to take place.  Defendants indicate that they "purposely assented to venue in the Central Division with the understanding that it would be a bench trial."  There is no evidence that Plaintiff affirmatively misled Defendants into believing that a jury trial was out of the realm of possibility or otherwise reached any sort of "understanding" with the Defendants.  Essentially, the failure to object

to venue in a timely fashion stems from nothing more than Defendants' purposeful litigation strategies, which in this case, did not culminate as expected.  The Court finds this insufficient to justify an untimely request to change of divisional venue under § 1406(b).

Finally, the Court could exercise its discretion and transfer venue under 28 U.S.C. § 1404, which provides:

> (a)    For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
>
> (b)    Upon motion . . . any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.

28 U.S.C. § 1404.  In determining whether to exercise its discretion to transfer an action pursuant to § 1404, the Court may consider a myriad of factors, including the convenience of parties and witnesses, access to sources of proof and evidence, the governing law, and the possibility of delay if a transfer is granted.  As well, the Court may consider practical factors, such as where the case can be tried more efficiently and expeditiously and whether any prejudice will result if a transfer is granted.  *See Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688 (8th Cir. 1997); *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 922 F. Supp. 1334 (N.D. Ia. 1996); *Hour v. Kimberly-Clark Corp.*, 613 F. Supp. 923 (W.D. Mo. 1985); *Stabler v. New York Times Co.*, 569 F. Supp. 1131 (S.D. Tex. 1983).  The burden is upon the party seeking transfer to "make a clear showing that the balance of interests weighs in favor of the proposed transfer, and unless that balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed."  *Hour*, 613 F. Supp. at 927 (citations omitted); *see also Shutter v. Armco Steel Corp.*, 431 F.2d 22 (3rd Cir. 1970) (plaintiff's forum choice is to be

given "paramount consideration").

In light of Defendants' consent to venue in the Central Division when they believed a bench trial would occur, Defendants' argument that the Western District is more convenient to parties, witnesses, and sources of proof and evidence is wholly uncompelling.  Moreover, the Court does not believe that the "interests of justice" require transfer to the Western Division on the facts of this case.  Indeed, the likely prejudice to Plaintiff by having trial in the Western Division of Iowa would compel the Court to transfer the case *out* of the Western Division, were venue so laid, for numerous reasons: 1) Plaintiff is suing Pottawattamie County, the very county that houses the federal courthouse in the Western Division; 2) Plaintiff is also suing the County Attorney of Pottawattamie County; 3) the jury pool in the Western Division would likely be comprised of numerous Pottawattamie County residents that may well be aware of and have strong opinions about the reversal of Plaintiff's conviction in a murder case that forms the underlying facts of the present case; and 4) in at least one state court matter in May of 2003, Defendant Wilber, as a representative of Pottawattamie County, stipulated that venue should be transferred to a different locale, presumably due to the likely prejudice that may be suffered by Plaintiff were venue to stay in Pottawattamie County.

## IV.  CONCLUSION

For the reasons stated herein, Defendants' Objections to Magistrate's Order on Plaintiff's Motion for Jury Trial (Clerk's No. 42) are overruled.  The March 22, 2005 Order of Magistrate Judge Shields (Clerk's No. 37) is hereby affirmed.  Defendants' Alternative Motion to Transfer Venue is denied.

IT IS SO ORDERED

Dated this ___28th___ day of July, 2005.


_____
ROBERT W. PRATT
U.S. DISTRICT JUDGE