IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TERRY J. HARRINGTON, and<br>CURTIS W. MCGHEE, JR.,<br><br>   Plaintiffs,<br><br>v.<br><br>CITY OF COUNCIL BLUFFS, IOWA,<br>DANIEL C. LARSEN, in his individual<br>and official capacities, and<br>LYLE W. BROWN, in his individual<br>and official capacities,<br><br>   Defendants. | 4:03-CV-90616 (LEAD CASE)<br>4:05-CV-00178<br>4:05-CV-00255<br><br>DEFENDANTS' JOINT<br>MOTION FOR MISTRIAL<br>AND BRIEF IN SUPPORT<br>THEREOF |

   COME NOW, Defendants, City of Council Bluffs, Iowa, Daniel C. Larsen, and Lyle W. Brown, and jointly move this Court for mistrial.  Defendants have been deprived a fair and impartial trial from exposure to persistent extraneous issues, irrelevant evidence, and erroneous views of the law such that there is great risk the jury will be influenced by passion and prejudice.

   This Court has, *sua sponte*, raised the specter of mistrial on three occasions reasoning that extraneous and acrimonious commentary by counsel has deteriorated the courtroom atmosphere making fact-finding very difficult.  (Trial Transcript 11-16-12 at 56:3 – 56:13; Trial Transcript 11-29-12 at 64:3 - 64:19).  At least one juror alerted the Court that he or she was uncomfortable because lawyers were staring at the jury during the proceedings.  (Trial Transcript 11-16-12 at 58:10 – 58:17).  The Court expressed frustration over the courtroom environment.  (Trial Transcript 11-30-12 at 88:13).  The Court, furthermore, was concerned that none of the parties may receive a fair trial given

the courtroom environment and suggested that there may be no reason to continue the trial.  (Trial Transcript 11-30-12 at 88:14 – 88:19).

"Improper questioning by counsel 'generally entitles the aggrieved party to a new trial' if such questioning 'conveys improper information to the jury and [...] prejudices the opposing litigant.'" *Sanders-El v. Wencewicz,* 987 F.2d 483, 484 (8th Cir. 1993) (citing *Williams v. Mensey,* 785 F.2d 631, 637 (8th Cir.1986) and quoting *Harris v. Zurich Ins. Co.,* 527 F.2d 528, 531 (8th Cir.1975)).

> It is the duty of the court and of its officers, the counsel of the parties, to prevent the jury from the consideration of extraneous issues, of irrelevant evidence, and of erroneous views of the law, to guard it against the influence of passion and prejudice, and to assure to the litigants a fair and impartial trial. An omission by court or counsel to discharge this duty, or a persistent violation of it, is a fatal error, because it makes the trial unfair.

*Id.* (quoting *Union Pac. R.R. Co. v. Field,* 137 F. 14, 15 (8th Cir.1905)).  Generally, improper conduct by counsel can be cured by reprimand and absence of repeated violations.  *Id.* (referring to 88 C.J.S. *Trial* § 199 (1955)).

In the case at bar, it has become apparent that no reprimand from the Court or instruction to the jury will be sufficient to cure the prejudice affecting all parties under the present courtroom environment.  *See id.*  Furthermore, it appears the proximity of counsel to the jury box has allowed the jury to overhear many and repeated comments about, and see counsel reactions to, the testimony and objections.  This has continued despite reprimand from the Court.  The Court previously dissuaded Mr. Spence from making extraneous comments before the jury.  (Trial Transcript 11-16-12 at 54:24 – 55:8).  Defendants cautiously request the Court, at its discretion, to poll the jury and determine to what extent, if any, the jury has been victim to actions and comments by counsel.  Defendants are concerned that in making this request, however, the emphasis

on the subject may further poison the courtroom environment and prevent the parties from having a fair trial.

Mistrial is necessary when the courtroom environment is considered in context with the erroneous views of the law communicated to the jury by counsel. This Court held that Defendants immune from Plaintiffs' *Brady* claims and claim under *Villasana v. Wilhoit. See McGhee v. Pottawattamie County*, 475 F.Supp.2d 862, 912-13 (S.D. Iowa 2007). Yet, Plaintiffs have repeatedly asserted that Defendants have violated Plaintiffs' right to a fair trial as a result of the Iowa Supreme Court Decision finding that the Prosecutors failed in their *Brady* obligation.

In the Plaintiffs' opening statement Mr. Davis made this improper connection a certain and clear foundation of their case. "Now, the juries convicted Cub and Terry back in 1978 they never heard the name Charles Richard Gates, they never saw the police reports that you will see that Larsen and Brown read and reviewed back in 1977 when they were working on the case. And because of that, the Iowa Supreme Court said that Terry didn't get a fair trial, and the State of Iowa admitted that the very same thing happened to Curtis." (Trial Transcript 10-31-12 at 22:13 – 22:20). In other words, Harrington and McGhee did not get a fair trial because Larsen and Brown committed the *Brady* violation as found by the Iowa Supreme Court.

This has put Defendants in the impossible position of defending against a claim for which they cannot be held responsible. As this Court well knows, Defendants do not have a *Brady* obligation and are, indeed, immune from Plaintiffs' claims under *Villasana. See McGhee*, 475 F.Supp.2d at 912-13. As police officers, Defendants only had to make police reports available to the prosecutors. *Id.* Questioning and testimony about the nature of the Iowa Supreme Court decision that suggests Defendants are liable

3

for depriving Plaintiffs of a fair trial because of a *Brady* violation is erroneous and prohibits Defendants from receiving a fair trial.  *See id.*

The combination of *Brady* arguments by counsel and the deteriorated courtroom atmosphere require this Court to declare a mistrial.

WHEREFORE, Defendants, The City of Council Bluffs, Daniel Larsen, and Lyle Brown, respectfully request the Court declare a mistrial, and for further relief as the Court deems just and proper.

       /s/_____
Kristopher K. Madsen  #AT0004969
Robert M. Livingston #AT0004728
STUART TINLEY LAW FIRM LLP
310 W. Kanesville Blvd., 2nd Floor
P. O. Box 398
Council Bluffs, Iowa  51502-0398
(712) 322-4033
Fax (712) 322-6243
madsen.kristopher@stuarttinley.com
livingston.robert@stuarttinley.com

Michael A. Sciortino  #AT0007101
Assistant City Attorney
City of Council Bluffs, Iowa
City Hall, 209 Pearl Street
Council Bluffs, Iowa  51503
(712) 328-4620
Fax (712) 322-9255
masciortino@aol.com
ATTORNEYS FOR DEFENDANTS CITY
OF COUNCIL BLUFFS, IOWA

David S. Baker, Mo. #30347
Daniel C. Estes, Mo. #52595
FISHER, PATTERSON, SAYLER &
SMITH, LLP
51 Corporate Woods, Suite 300
9393 W. 110th Street
Overland Park, Kansas  66210
(913) 339-6757
Fax (913) 339-6187
dbaker@fisherpatterson.com
destes@fisherpatterson.com
ATTORNEYS FOR DEFENDANTS
DANIEL LARSEN, AND LYLE BROWN

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on December 5, 2012, the above and foregoing, DEFENDANTS' JOINT MOTION FOR MISTRIAL, was electronically filed with the Clerk of the Court using the ECF system, service being made by ECF upon the following:

Alan O. Olson
Olson Law Office, P.C.
3116 Ingersoll Avenue
Des Moines, Iowa  50312-3910

Steve D. Davis
Steve Davis Law, P.C.
700 Commerce Drive, Suite 500
Oak Brook, IL  60523-8736

Mel C. Orchard
The Spence Law Firm, LLC
15 S. Jackson Street
P.O. Box 548
Jackson, WY 83001

Thomas P. Frerichs
Frerichs Law Office, P.C.
751 Progress Avenue
P. O. Box 328
Waterloo, Iowa  50704

                               /s/_____
                                    Robert M. Livingston