IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

|  |  |  |
|---|---|---|
| TERRY HARRINGTON and <br> CURTIS W. MCGHEE, JR., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF COUNCIL BLUFFS, IOWA, <br> DANIEL C. LARSEN, in his individual and <br> official capacities, and LYLE W. BROWN, <br> in his individual and official capacities, <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | 4:03-cv-90616 (LEAD CASE) <br> 4:05-cv-00178 <br> 4:05-cv-00255 <br><br><br><br><br><br> ORDER |

     Before the Court is Plaintiffs' Joint Motion for Leave to Contact Jurors. Clerk's No. 408. Defendants filed a joint response, wherein they agree leave to contact jurors should be granted, but suggest certain limitations be placed on any contact. Clerk's No. 409. Plaintiffs filed a reply, asserting that no such limitations are necessary. Clerk's No. 410. The matter is fully submitted.

     The Court recognizes that the phenomenon of the "vanishing trial" in this country necessitates that attorneys take every opportunity to better their performance and presentation. *See geneerally* John W. Keker, *The Advent of the "Vanishing Trial": Why Trials Matter*, The Champion (Sept./Oct. 2005) 32; Ad Hoc Comm. on the Future of the Civil Trial of the Am. Coll. of Trial Lawyers, *The "Vanishing Trial:" The College, the Profession, the Civil Justice System*, 226 F.R.D. 414 (2005). One way to accomplish this is to interview jurors after a trial to obtain their insights and suggestions. Thus, pursuant to Local Rule 47, Plaintiffs' Motion is GRANTED, subject to certain conditions.

Permission is granted for *one attorney* for each party[1] to contact the jurors who served in the above-title action. Since the jurors' term of service has already concluded, contact may be made without delay. Counsel shall inform any juror with whom contact is made that it is within the sole discretion of that juror whether to respond to any inquiry and the extent of such response. Should a juror decline to discuss the case, counsel shall not attempt to coerce the juror into discussion, and shall not thereafter attempt to contact such juror again. The inquiry may be made only by the attorneys of record in this case and not by any employee or agent of the attorneys. The Court expects any contacts to be performed with the utmost courtesy, respect, and professionalism, and without argument or challenge to the judgment of the individual jurors.

IT IS SO ORDERED

Dated this __11th___ day of January, 2013.

_____
ROBERT W. PRATT
U.S. DISTRICT JUDGE

---

[1] Specifically, the Court is referencing the following four parties: 1) Terry Harrington; 2) Curtis McGhee; 3) the City of Council Bluffs; 4) Daniel Larsen and Lyle Brown jointly.