IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TERRY J. HARRINGTON, and<br>CURTIS W. MCGHEE, JR.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CITY OF COUNCIL BLUFFS, IOWA,<br>DANIEL C. LARSEN, in his individual<br>and official capacities, and<br>LYLE W. BROWN, in his individual<br>and official capacities,<br><br>　　　　Defendants. | 4:03-CV-90616 (LEAD CASE)<br>4:05-CV-00178<br>4:05-CV-00255<br><br>DEFENDANTS' BRIEF IN SUPPORT<br>OF THEIR JOINT MOTION TO<br>REINSTATE THE DEFENSE VERDICT |

COME NOW, Defendants, City of Council Bluffs, Iowa, Daniel C. Larsen, and Lyle W. Brown, and, pursuant to Federal Rule of Civil Procedure 51(c)(2)(b), 59(e), and/or 60(b)(1 & 6), and Local Rule 7, submit their brief in support of their joint motion to reinstate the unanimous written defense verdict and enter judgment in their favor.

When the case was submitted to the jury, Defense Counsel inquired about the procedures for announcing the verdict. (See Affidavit of Kristopher K. Madsen). Defense Counsel was informed that they would be informed when the jury reached its verdict, so that they could be available by phone when the verdict was announced in Court. (See Affidavit of Kristopher K. Madsen). Throughout the jury deliberations in this case the jury raised questions to the Court and Defense Counsel participated in discussions with the Court and Plaintiffs' Counsel by telephone conference. (See Affidavit of Kristopher K. Madsen). Despite the expectations that Defense Counsel would be contacted by phone when the jury verdict was announced and despite the practice of contacting Defense Counsel by phone throughout the jury deliberations, Defense Counsel was never contacted and was not afforded the opportunity to

participate in the proceedings associated with the announcement of the jury verdict. (See Affidavit of Kristopher K. Madsen).

The jury returned a written defense verdict and when inquired about in open court, a question about the unanimity of the verdict arose. (Trial Transcript 12-14-12 at 1:7-3:23). The Court then instructed the jury to return to the jury room. (Trial Transcript 12-14-12 at 2:4-2:6). Outside the presence of the jury, Plaintiffs' counsel asserted that the problem with the verdict was the result of an instruction. (Trial Transcript 12-14-12 at 3:4-3:12). According to the Plaintiffs' counsel, as interpreted by the Court, there was a problem in one of the specifications on Jury Instruction 11A, B, C, or D and not the verdict itself. (Trial Transcript 12-14-12 at 3:13-3:20). The Court then brought the jury back to the Courtroom. (Trial Transcript 12-14-12 at 5:19-5:20).

Defendants object to the *ex parte* action taken on the instructions. *See* Fed. R. Civ. P. 51(c)(2)(B) (objection is timely if an action is taken on instruction without informing a party).

Defendants were informed by telephone call that the jury reached a verdict and would be returning to the Courtroom and that Defendants would be contacted by phone immediately after the verdict was received in open court. Defendants counsel waited by the phone for a call, only to learn of the events surrounding the jury verdict after the fact. This occurred despite the fact that McGhee's counsel, Steve Davis, inquired of the Court whether "we needed to have defendants on the phone, or otherwise." (Trial Transcript 12-14-12 at 5:9-5:10). The Court mistakenly related on the record, "Well, the record will show that we contacted [Defense Counsel] and asked them if they wanted to be on the phone and they said no." (Trial Transcript 12-14-12 at 5:11-5:13). The Court Clerk corrected the Court, "We didn't ask if they wanted to be on the phone. We asked if

they wanted to be present." (Trial Transcript 12-14-12 at 5:14-5:15). The Court acknowledged the correction from the Court Administrator, but still took action on the instruction issue raised by Plaintiffs without informing Defendants.

The Court brought the jury back to the courtroom, and held a sidebar with Counsel for Plaintiffs, Mr. Spence recommending to the Court that it ask the foreman "what he meant when he said it wasn't unanimous." (Trial Transcript 12-14-12 at 5:19-5:24).

The Court then inquired of the foreman whether they had reached unanimous verdicts, to which the foreman replied "I'm confused with your term unanimous." (Trial Transcript 12-14-12 at 6:5-6:11). The Court then read the written verdicts aloud informing all present that there was a unanimous defense verdict and asked Plaintiffs' counsel if the jury should be polled, which was requested. (Trial Transcript 12-14-12 at 6:11-8:8). In the presence of the Plaintiffs, the Court inquired of each juror whether the verdicts that the Court read your verdicts and nine of twelve jurors confirmed that those were their verdicts. (Trial Transcript 12-14-12 at 9:9-10:19). One of the jurors said no, and then stated that she did not understand the Court's question. (Trial Transcript 12-14-12 at 9:7-9:11). Two other jurors did not agree the verdict that was read their verdict. (Trial Transcript 12-14-12 at 9:18-9:20; 10:14-10:16). The Court conducted a side-bar with Plaintiffs' counsel, but did not contact defense counsel, who were still waiting by the phone to learn the jury's verdict. (Trial Transcript 12-14-12 at 10:20). During the side-bar conference, Plaintiffs' counsel moved for a mistrial arguing that there was a "hung jury." (Trial Transcript 12-14-12 at 11:4-11:10).

The Court Clerk suggested, "Maybe we should send [the jury] back to the jury room and let them have their lunch and get defense counsel on the phone." (Trial

Transcript 12-14-12 at 11:16-11:18). Plaintiffs' counsel objected to the suggestion and again moved the Court for a mistrial. (Trial Transcript 12-14-12 at 11:19-11:25). The Court initially agreed with the suggestion from the Court Clerk, but Plaintiffs' Counsel persuaded the Court to immediately grant the mistrial without contacting Defense Counsel and without sending the jury back to lunch for fear that the two jurors who did not agree to the verdict as read in court would be intimidated. (Trial Transcript 12-14-12 at 12:1-12:9). With Plaintiffs' counsel and the Court in alignment on the declaration of mistrial, the Court Clerk once again interjected that the Defense Counsel needed to be contacted.

> THE CLERK: We have to get defendants on the phone. I don't think we can do anything without
> THE COURT: They didn't want to be here.
> THE CLERK: We didn't give them the option to be on the phone. We asked if they wanted to be present.
> THE COURT: Okay.

(Trial Transcript 12-14-12 at 12:10-12:15).

At that time the Court brought the jury back into the courtroom, declared a mistrial, and discharged the jury. (Trial Transcript 12-14-12 at 12:17-14:23).

The Court may correct a mistake arising from oversight or omission whenever one is found in a judgment or order or other part of the record. *See* Fed. R. Civ. P. 60(a). When the Court entertained *ex parte* motions from Plaintiffs' counsel, it erred. The Court should have contacted Defense Counsel so that the interests of Defendants could be protected. The Court should have asked the foreman what he meant when he said they were not unanimous. The Court should have inquired of the three jurors in what manner they were not unanimous and attempted to discern whether they were deadlocked as Plaintiffs' counsel suggested or whether they were indeed not unanimous.

As it stands, the written jury verdict stands as the only clear indication of the jury's decision. The written defense verdict should be reinstated to correct for the mistake, inadvertence, neglect, or because the proceeding was made unfair by the unwillingness of the Court to call Defense Counsel as they were expecting would occur. In other words, the Court abused its discretion in polling the jury and declaring a mistrial without allowing Defense Counsel to participate in these proceedings.

WHEREFORE, Defendants, The City of Council Bluffs, Daniel Larsen, and Lyle Brown, respectfully request the Court reinstate the jury's unanimous written defense verdict, enter judgment in their favor on the verdict, and for further relief as the Court deems just and proper.

      /s/
Kristopher K. Madsen  #AT0004969
Robert M. Livingston  #AT0004728
STUART TINLEY LAW FIRM LLP
310 W. Kanesville Blvd., 2nd Floor
P. O. Box 398
Council Bluffs, Iowa  51502-0398
(712) 322-4033
Fax (712) 322-6243
madsen.kristopher@stuarttinley.com
livingston.robert@stuarttinley.com

Michael A. Sciortino  #AT0007101
Assistant City Attorney
City of Council Bluffs, Iowa
City Hall, 209 Pearl Street
Council Bluffs, Iowa  51503
(712) 328-4620
Fax (712) 322-9255
masciortino@aol.com
ATTORNEYS FOR DEFENDANTS CITY
OF COUNCIL BLUFFS, IOWA

David S. Baker, Mo. #30347
Daniel C. Estes, Mo. #52595
FISHER, PATTERSON, SAYLER &
SMITH, LLP
51 Corporate Woods, Suite 300
9393 W. 110th Street
Overland Park, Kansas  66210
(913) 339-6757
Fax (913) 339-6187
dbaker@fisherpatterson.com
destes@fisherpatterson.com
ATTORNEYS FOR DEFENDANTS
DANIEL LARSEN, AND LYLE BROWN

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 11, 2013, the above and foregoing, DEFENDANTS' BRIEF IN SUPPORT OF JOINT MOTION TO REINSTATE THE DEFENSE VERDICT, was electronically filed with the Clerk of the Court using the ECF system, service being made by ECF upon the following:

Alan O. Olson
Olson Law Office, P.C.
3116 Ingersoll Avenue
Des Moines, Iowa  50312-3910

Steve D. Davis
Steve Davis Law, P.C.
700 Commerce Drive, Suite 500
Oak Brook, IL  60523-8736

Mel C. Orchard
The Spence Law Firm, LLC
15 S. Jackson Street
P.O. Box 548
Jackson, WY 83001

Thomas P. Frerichs
Frerichs Law Office, P.C.
751 Progress Avenue
P. O. Box 328
Waterloo, Iowa  50704

/s/
Robert M. Livingston